STILLE CHEW

*v.*

HENRY FERRARI and wife.

It is sufficient to sustain the defence of usury if the weight of evidence be in its favor.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. J. D. Pancoast*, for complainant.

*Mr. T. E. French*, for defendants.

Chew v. Ferrari.

The Chancellor.

The answer sets up the defence of usury. The mortgage was made by the defendants, Ferrari and wife, to Gilbert D. Keen. It is dated on the 12th of January, 1874, and was made to secure the payment of $2,000, in one year from its date, with lawful interest. Ferrari testifies that he was, when it was given, in possession of a lot of land in Wenonah, in Gloucester county, which he had agreed to buy of the Mantua Land and Improvement Company, at the price of $400; that he had contracted with Keen for the building by the latter for him thereon of a house, for the price of $1,450, to be paid when the building should be completed; that, before the house was finished, Keen called on him for payment of the contract price, to enable him to pay the debts which he owed for the lumber; that he told Keen that he expected soon to borrow the money from a building society, and would pay him as soon as he should do so; that Keen then said that he could not wait, and that he would find some one to lend the money; that Keen did so; that he found Allen S. Morgan; that Ferrari went to see Morgan on the subject, and it was then agreed between them substantially that Morgan should lend to Ferrari $1,500, for a premium of $500; that the agreement was that Morgan should pay to Keen (to whom Ferrari would, when the house should have been completed, owe $1,450 for the contract price as above stated, and also $50 for extra work,) the sum of $1,100, and pay to the land company $400 for the lot, and Ferrari should give him his bond and mortgage (to be made in favor of Keen) for $2,000, payable in one year, with interest at seven per cent. per annum, payable half-yearly.

The bond and mortgage were made in favor of Keen, who assigned them, on the next day, to Morgan. On the giving of the bond and mortgage, Ferrari gave to Keen his note for $400 in full, with the $1,100 which Keen was to receive from Morgan for the contract price and the amount agreed to be paid for extra work.

Morgan swears that he never loaned Ferrari any money whatever; that the transaction which resulted in his obtaining the mortgage was entirely between him and Keen (who is dead), and that he did not procure the making of the mortgage to Keen. His testimony, however, is very unsatisfactory. He swears that he cannot say when the mortgage was assigned to him, and that he paid Keen the full amount of it, partly in a note of the latter and partly in cash. He cannot say, however, what the amount of the note was, but swears that the money and note together amounted to $2,000. He subsequently admits that he paid $400 for the price of the lot. He says he did this because Keen said the lot had not been paid for; because Keen complained that Ferrari had told him that he owned the lot, and he says he paid the money to make the title good and the mortgage good. He admits that he held a note for $400, given by Ferrari to Keen, which had been partly paid off, but gives no further account of it. That is undoubtedly the note of which Ferrari speaks, and which he swears he gave to Keen in part settlement of the claim of $1,500 for the contract price and extra work.

There is corroboration of Ferrari's testimony in that of Dr. Bailey, the agent of the land company, who swears that Morgan paid him the price of the lot, but gave no reason for doing so; and that he gave Morgan the deed for the lot; while Morgan swears that he never had it. There is also corroboration in the fact that the assignment from Keen to Morgan was made on the very next day after the day on which the mortgage was executed.

It is sufficient to sustain the defence of usury if the weight of the evidence be in its favor. *Warwick* v. *Marlatt*, 10 *C. E. Gr.* 188; *Kane* v. *Hibernia Ins. Co.*, 10 *Vr.* 697, 706. The usury is proved. The complainant is entitled to recover $1,500, less the excess of interest paid on the mortgage and the amount realized by him in the suit on the bond. He is, of course, entitled to no costs.